Díaz, Peticionario, v. Foote, Juez de Distrito, Demandado.

No. 259.—Resuelto en febrero 28, 1920. Opinión de la corte, pág. 141.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

La ley no exige cosas vanas e inútiles y cuando el comprador en una venta en pública subasta entrega la totalidad del precio al funcionario ejecutivo de la corte, dicho comprador no está obligado a ver la aplicación que se da al importe de la venta. En este caso todo el precio de la venta fué a poder del marshal y eso equivalía legalmente, de acuerdo con nuestro procedimiento, a un depósito en la corte. *Montes de Oca* v. *Baez et al.,* 23 D. P. R. 707. Es cierto que Pol trató de embargar parte del precio como si perteneciera al deudor y que Díaz también cometió un error, pero como indica la corte, (*pág. 141*) la actitud de las partes no establece diferencia alguna. El marshal no tenía derecho a pagar el saldo de $81.50 a Pol, y en realidad de verdad el expediente elevado a esta Corte demuestra que él efectivamente depositó esta suma en la corte donde Díaz pudo haberla obtenido. El comprador no está obligado a

entregar el dinero a los otros acreedores hipotecarios sino meramente a depositar la totalidad del precio. Esta es la conclusión necesaria según los artículos 125 y siguientes de la Ley Hipotecaria y 132, 174 y siguientes del reglamento para su ejecución.

Como Benigno Díaz podía obtener una orden y adjudicación de esta suma de $81.50 mediante la debida solicitud hecha a la corte este es un caso *de minimis* y no es de aplicación el auto de *certiorari*.

Además, el hecho de si la Corte de Distrito de Mayagüez tenía o no derecho a ordenar la cancelación era una cuestión de ley sustantiva. No se promovió cuestión alguna respecto al derecho de Benigno Díaz para oponerse a la cancelación. El fué oído debidamente y la corte resolvió en su contra. No levantó, además, ninguna cuestión de que los $81.50 no se le pagaron. El trataba de hacer que el comprador pagara los plazos restantes de la hipoteca como tercer poseedor. No se negó a Díaz ningún derecho procesal y el auto de *certiorari* debió haber sido anulado.